1
2
3
4      UNITED STATES DISTRICT COURT
5      EASTERN DISTRICT OF WASHINGTON
6
7  UNITED STATES OF AMERICA,
8       Plaintiff,                NO. 2:16-CR-00016-JLQ
                                  ORDER ON MOTION FOR
9       v.                        PROTECTIVE ORDER
10
11 EMMITT W. TUCKER,
12      Defendant.

13      BEFORE THE COURT is the Government's Motion for Protective Order (ECF No.
14 17), Motion to Expedite (ECF No. 18) and Notice of Intent to Withhold Discovery (ECF
15 No. 16). Both the Notice and the Motion for Protective Order pertain to confidential
16 source/informant discovery. The Notice proposes to allow defense counsel to view and
17 listen to audio and video surveillance at the U.S. Attorney's Office, but not to provide
18 copies of the audio and video recordings. The Government also proposes to withhold
19 documentary evidence that would reveal the identifying innformation of the confidential
20 informant until 10 days prior to trial. The Motion for Protective Order primarily limits
21 the copying of information specifically identifying confidential sources, and dissemination
22 of such material.
23      It is not generally unreasonable or unusual for the Government to withhold the
24 identity of a confidential source during pretrial proceedings. The Government has a
25 qualified or limited privilege to withhold from disclosure the identity of persons who
26 furnish information about violations of law to law enforcement. *United States v. Amador-*

ORDER - 1

*Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993) <u>citing</u> *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The privilege identified in *Roviaro* protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant."*United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006).

    In *Napier*, the Ninth Circuit stated, "the information regarding the drug sales sought by [defendant], which would tend to reveal the informant's identity, is protected to the same extent as the confidential informant's name." *Id.* The Defendant "bears the burden of demonstrating the need for disclosure of a confidential informant's identity." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993). The Defendant must show "more than a mere suspicion that the informant has information which will prove relevant and helpful or will be essential to a fair trial." *Id.* There is currently no pending defense objection or motion seeking additional information concerning the confidential sources. It may be that there is no dispute between the parties regarding the adequacy of the information provided, or the Government's proposed plan for handling audio and video recordings.

    **IT IS HEREBY ORDERED**:

    1. The Motion to Expedite (ECF No. 18) is **GRANTED**.

    2. The Motion for Protective Order (ECF No. 17) is **GRANTED IN PART and DENIED IN PART** as set forth herein:

    A. The Government shall provide discovery materials as previously Ordered by the court;

    B. Defense counsel shall not make unnecessary copies of discovery materials, but may make necessary working copies;

    C. Defense counsel may show to, and discuss with, their client the discovery materials, including sealed documents;

ORDER - 2

D.  Defense counsel shall not give Mr. Tucker original or copies of discovery materials, or summaries thereof, other than to show to or discuss with the Defendant in the presence of counsel; and

E.  Defense counsel shall not provide copies or originals of discovery to any other person, other than those persons assisting defense counsel such as office staff, experts, or investigators.

3.  The parties are encouraged to work together cooperatively in the discovery process.  If the Defendant believes the Government's proposed method for handling confidential information does not provide adequate access, it may be addressed by appropriate motion.

4.  The Government shall provide information to defense counsel regarding the criminal history of the confidential informant(s) involved in this case, as well as information concerning all benefits that have been provided, or promised, to the informants for their activities involving Defendant.  Such information shall be provided no later than **February 19, 2016**.

5.  Subject to further Order of the court, the Government may withhold the specific identity of the confidential informant(s) until two weeks prior to the date set for trial.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 2nd day of February, 2016.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3