UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EMMITT W. TUCKER,<br><br>    Defendant. | NO. 2:16-CR-00016-JLQ<br><br>ORDER GRANTING MOTION TO WITHDRAW |

BEFORE THE COURT is Defendant's pro se "Motion To Withdraw § 2255" (ECF No. 81). Defendant requests the court "allow him to withdraw his 2255 Petition filed in this Court." The Government has not filed a response to the Motion To Withdraw. The Motion was submitted without oral argument.

**I. Introduction and Background**

On January 20, 2016, the grand jury returned a six-count Indictment charging Defendant with four counts of drug distribution, being a felon in possession of a firearm, and possessing a firearm in furtherance of a drug trafficking crime. (ECF No. 1). Trial was set for March 28, 2016. The court then granted Defendant's Motion to Continue and set the matter for jury trial on May 23, 2016. The parties thereafter entered into a Plea Agreement and Defendant entered a plea of guilty on April 22, 2016. Defendant agreed to plead guilty to Counts 1 thru 5, and the Government agreed to dismiss Count 6. A conviction on Count 6 for violation of 18 U.S.C. § 924(c) would have required a consecutive sentence of at least 5 additional years. Counts 2 and 4 carried a 10-year mandatory minimum sentence.

ORDER - 1

1   The sentencing hearing was held on July 14, 2017, and Defendant was sentenced to
2   a term of 168-months.  Defendant timely filed his Motion to Vacate Sentence pursuant to
3   28 U.S.C. § 2255 on June 27, 2017. (ECF No. 67).  The Motion argued ineffective
4   assistance of counsel.  The court directed the Government to file a response, and the
5   Government filed a brief in opposition.  During the course of this proceeding, Defendant
6   sought various documents from his prior counsel and the court.  He also requested an
7   extension of time to file his reply brief, which was granted.  However, Defendant did not
8   file a reply brief, but instead filed the Motion to Withdraw.

**II. Discussion**

Defendant's Motion to Withdraw states he has reviewed the Plea Agreement in detail. (ECF No. 81).  The Motion acknowledges the potential sentencing exposure he faced if the Government had filed an Information, pursuant to 21 U.S.C. § 851, based on Defendant's prior convictions.  He states because he "is bound by the terms in the plea agreement, he has no choice but to withdraw his petition pursuant to 28 U.S.C. § 2255." (Id. at 2).  He further states that had he had access to his entire case file at the time he filed the Motion to Vacate, it "would not have been filed in the first instance." (Id.).   Defendant concludes by stating: "In order to continue his acceptance of responsibility, Tucker can only now withdraw his petition ...". (Id.).

The court will allow Defendant to withdraw his Motion to Vacate.  The Motion to Vacate was not fully briefed, was not decided on the merits, and Defendant states he would not have filed it had he timely received access to his file.  Any future § 2255 motion will therefore not be a "second or successive" motion. 28 U.S.C. 2255(h); *Castro v. United States*, 540 U.S. 375 (2003).  However, any future motion to vacate would likely be time-barred by the one-year period of limitation, absent equitable tolling or some other exception. See 28 U.S.C. § 2255(f).

**IT IS HEREBY ORDERED**:

ORDER - 2

1. Defendant's Motion to Withdraw his previously filed Motion to Vacate (ECF No. 81) is **GRANTED**.

2. Defendant's Motion to Vacate (ECF No. 67) is withdrawn and the Clerk shall administratively terminate the Motion.

3. The Clerk shall close this file and close the corresponding civil file, 17-cv-238-JLQ.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order, furnish copies to counsel and Mr. Tucker, and close this file.

**DATED** this 18th day of October, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE