FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMMITT W. TUCKER,<br><br>Defendant. | NO. 2:16-CR-0016-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's pro se Letter to the Court asking for early release from home confinement. ECF No. 96. Although a hearing is currently set for this matter on June 28, 2024, this Court finds no reason to delay its order. The Court has reviewed the pleadings and the record therein and is fully informed. For the reasons discussed below, Defendant's letter request is denied.

## BACKGROUND

On January 20, 2016, Defendant was indicted on three counts of Distribution of 5 Grams or More of Pure (Actual) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) (Counts 1, 2, and 4), one count of Distribution of a

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 3), one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 5), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 6).  ECF No. 1.  Defendant pled guilty to Counts 1 through 5 in accord with a Plea Agreement on April 26, 2016.  ECF No. 38.  A Judgment filed July 15, 2016 imposed 168 months imprisonment and 5 years of supervised release on Counts 1 through 5; count 6 was dismissed. ECF No. 57.

Defendant requests the Court to take him off home confinement and be placed on probation.  He explains that he has profound health challenges in recent years.

It appears that the Bureau of Prisons has transferred Defendant from prison to home confinement through December 24, 2026.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission has recently updated its policy statement on sentence reduction. U.S.S.G. Guidelines Manual, effective Nov. 1, 2023. The sentence reduction policy statement now outlines six categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant: (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13, eff. Nov. 1, 2023.

According to the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

**B.  Exhaustion or Lapse of 30 days**

Defendant has not shown that he exhausted his administrative remedies with the Bureau of Prisons.

**C.  Extraordinary and Compelling Reasons**

Defendant is now on home confinement at the direction of the Bureau of Prisons. No extraordinary and compelling reasons justify a further reduction of his sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

Defendant claims that he has demonstrated rehabilitation and poses little risk

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4

of recidivism. Rehabilitation is not alone an extraordinary and compelling circumstance for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>     (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States

        Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

    (A)   issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 34 and he had a criminal history category of VI. This directed an advisory guideline range of 262 to 327 months of imprisonment. Considering all the sentencing factors, the Court accepted the Parties' Plea Agreement for a variance. ECF No. 58.

    Once again, the Court has fully considered these factors in light of the information Defendant recently provided. The Court is obligated to protect the public from defendant's serious and dangerous conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to

afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant is no longer in prison but is on home confinement. Considering the totality of all the facts, compassionate release from home confinement is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's pro se Letter to the Court asking for early release from home confinement, ECF No. 96, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties, including Defendant at 4909 E Upriver Dr., Apt. N201, Spokane, WA 99217.

**DATED** June 4, 2024.



THOMAS O. RICE
United States District Judge